UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MONIFA GRANT**
*on behalf of herself and all
others similarly situated,*

    Plaintiff,

v.                                                      Case No.: 8:19-cv-00363-JSS

**REGAL AUTOMOTIVE GROUP, INC
D/B/A REGAL HONDA,**

    Defendant.
_____/

**Motion to Stay Proceedings Pending Supreme Court's Decision
in *Barr v. AME Assoc. Political Consultants,* Case No. 19-631**

### Introduction

Grant brought this putative class action alleging Regal violated the Telephone Consumer Protection Act ("TCPA").[1] The essence of Grant's claims are that Regal "caused thousands of pre-recorded messages to be sent to the cellular telephones of her and Class Members."[2] As this Court is well aware, the TCPA makes it unlawful for any person within the United States to "to make any call…using…an artificial or prerecorded voice…to any telephone number assigned to…cellular telephone service."[3] Recently, the Supreme Court granted certiorari to consider whether the TCPA's automated-call ban ("call ban") violates the First Amendment.[4] Given that

---

[1] *See,* Doc. 1, generally.

[2] *Ibid.* at ¶5.

[3] 47 U.S.C. § 227(b)(1)(A)(iii).

[4] *See, Barr v. American Association of Political Consultants Inc.,* 19-631 (Cert. Granted January 10, 2020, Oral Argument April 22, 2020) (hereinafter "*AAPC*").

Plaintiff's entire case fails if the call ban is deemed unconstitutional, this Court should stay these proceedings until the Supreme Court decides *AAPC*.

## Legal Standard

The Court has broad discretion to stay a case "for good cause shown".[5] Nearly 75 years ago the United States Supreme Court recognized the inherent power of district courts "to stay proceedings in one suit until the decision of another" in furtherance of the fair and efficient administration of justice.[6] Justice Cardozo explained "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] This Court has discretion to grant a stay based on a variety of circumstances pending final resolution of the appeal in *AAPC*.[8] "A stay is authorized simply as a means of controlling the district court's docket and managing cases before the district court."[9]

---

[5] Fed. R. Civ. P. 26(c); *See also, e.g.*, *Pierre's Resort LC v. Interstate Management Co., Inc.*, 2009 WL 395788, *1 (M.D. Fla. 2009).

[6] *See, Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

[7] *Id.* at 254.

[8] *See, Ortega Trujillo b. Conover & Company Communications,* 221 F.3d 1262, 1264 (11th Cir.2000); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.,* 524 F.3d 1235, 1241 (11th Cir.2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances.").

[9] *See, Postel Indus., Inc. v. Abrams Group Const., L.L.C.*, 6:11-CV-1179-ORL-28, 2013 WL 1881560, at *3 (M.D. Fla. 2013), *report and recommendation adopted,* 6:11-CV-1179-ORL-28, 2013 WL 1881556 (M.D. Fla. 2013).

**Argument**

District courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket."[10] In determining whether to grant a *Landis* stay, in the Middle District of Florida, courts consider several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court.[11] Here, each of these factors weighs strongly in favor of granting a *Landis* stay until mid-July, 2020 so that the Court and the parties can digest the implication of the *AAPC* ruling, determine its application to this case, and file a status report with the Court describing on the impact of the Supreme Court's Ruling on this case.

Grant's lawsuit alleges that Regal sent her RVM's in direct violation of the TCPA and seeks to certify a nationwide class of allegedly similarly situated persons. A few months ago, the Supreme Court granted certiorari in *AAPC* to consider: (1) whether the automated call ban in 47 U.S.C. § 227(b)(1) violates the First Amendment because of the exception for government debts therein; and, if so (2) whether the proper remedy is to sever the exception or invalidate the ban.[12] The decision has the potential to moot this action and/or at least provide substantial guidance to this Court and the parties in resolving this dispute,[13] as the Supreme Court is reviewing whether the statute on which Plaintiff relies– the TCPA–is constitutional.[14]

---

[10] *See, Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[11] *See, e.g., Freedom Sci., Inc. v. Enhanced Vision Sys.,* No. 8:11-CIV-1194-T-17-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012); *Mackiewicz v. Nationstar Mortg., LLC*, No. 615CV465ORL18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015).

[12] See Question Presented Report, AAPC, No. 19-631 (U.S. Jan. 10, 2020).

[13] [13] *See, Loftus v. Signpost Inc.*, No. 19-CV-7984 (JGK), 2020 WL 2848231, at *2 (S.D.N.Y. June 2, 2020).

[14] See *Landis*, 299 U.S. at 253 (holding that a stay may be warranted where the resolution of other litigation will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved").

The Supreme Court held oral argument in *AAPC* on May 6, 2020,[15] and the current term will conclude at the end of June.[16] A decision should be rendered prior to such time. Any stay on these proceedings should be temporally marginal depriving Grant of any prejudice.

The requested stay should simplify and clarify the issues in this case, and should reduce the burden of litigation on the parties and the court. To date both circuit addressing the TCPA's call ban have held its unconstitutional.[17] Because this case rests on alleged violations of TCPA, and the Supreme Court will determine if its content-based restrictions violate the First Amendment, this Court should stay all proceedings in this case pending the Supreme Court's forth coming decision. At worst, if the Supreme Court's ruling is not dispositive of this case, it should offer significant guidance.

Just a few months ago, Judge Byron addressed a near exact motion to stay where a defendant requested a stay of a TCPA case pending the outcome of *AAPC*. The plaintiff there argued that just because defendant hopes the Supreme Court will overturn the Fourth Circuit's decision—and change clear Eleventh Circuit law—does not warrant a stay pending the decision in *Barr*. In granting the motion to stay, Judge Byron opined:

> The Court believes that any proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* will be—among other things—a waste of judicial resources and a waste of the parties' time and energy.[18]

---

[15] *See, Loftus* 2020 WL 2848231, at *2.

[16] The U.S. Supreme Court Press Release, April 3, 2020, https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_04-03-20

[17] *See, AAPC v. FCC*, 923 F.3d 159, 166-67 (4th Cir. 2019) (holding call ban unconstitutional and applying severance as remedy); *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1151 (9th Cir. 2019) (same); *Gallion v. U.S.*, 772 F. App'x 60, 605 (9th Cir. Jul. 8, 2019) (same).

[18] *See, Wright v. eXp Realty, LLC*, No. 618CV1851ORL40EJK, 2020 WL 1149906, at *1 (M.D. Fla. Feb. 7, 2020).

Because of the importance of the issues currently before the Supreme Court and their effect on this pending case, this Court should grant a stay pending resolution of *AAPC*. And offering further weight to Regal's request is the potential ramification that "what the Supreme Court has accepted review of – particularly, whether the government-debt exception is severable from the TCPA if deemed unconstitutional – risks a potential total collapse of the TCPA."[19] Recognizing that *AAPC* may cause a "total collapse of the TCPA," several courts have issued stays in identical TCPA class actions since January 2020.[20]

Good cause therefore exists, for reasons of judicial efficiency and economy, to stay the proceedings. Continuing in the absence of such Supreme Court guidance will be inefficient, waste the resources of the Court and the parties, and potentially result in an inconsistent ruling that will need to be corrected. The requested stay of proceedings is reasonable and will not prejudice Plaintiffs, as the stay will be exceedingly brief, as the Supreme Court is expected to rule be the end of June 2020.

---

[19] *See, Seefeldt v. Entm't Consulting Int'l, LLC.,* No. 4:19-CV-00188, 2020 WL 905844 (E.D. Mo. Feb. 25, 2020).

[20] *See, Seefeldt*, 2020 WL 905844; *Wright,* 2020 WL 1149906, at *1 ("[A]ny proceedings before the Supreme Court issues guidance in the upcoming *Barr v. Am. Ass'n* [case] will be—among other things—a waste of judicial resources and a waste of the parties' time and energy."); *Perrong v. Liberty Power Corp.*, 1:18-cv-00712, Dkt. 66 (D. Del. Mar. 6, 2020) ("The case is STAYED pending the outcome of the U.S. Supreme Court case *Barr v. American Association of Political Consultants*."); *Jones v. USHealth Group, Inc.*, No. 19-cv-2534, Dkt. 53 (D. Kan. Mar. 12, 2020); *Nakai v. Charter Commc'ns, Inc.*, No. CV 19-8035-GW-SSX, 2020 WL 1908949, at *6 (C.D. Cal. Apr. 15, 2020) (The Court will dismiss the complaint, but because it intends to give Plaintiff one more opportunity to amend the complaint, it considers Charter's request for a stay.); *Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX, 2020 WL 1939702, at *2 (D. Md. Apr. 22, 2020); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 2041755, at *2 (W.D. Wash. Apr. 28, 2020) (This Court joins the other district courts that have briefly stayed TCPA cases pending the Supreme Court's decision in *AAPC*. Comcast's Motion for Stay is GRANTED and this case is STAYED.); *Loftus v. Signpost Inc.*, No. 19-CV-7984 (JGK), 2020 WL 2848231, at *3 (S.D.N.Y. June 2, 2020)

## Conclusion

The Supreme Court's ruling in *AAPC* should come swiftly. It should either be dispositive of this case or offer significant direction to the Court and parties. It promotes judicial economy and preserves litigation resources. The Court's operations have been significantly reduced and restructured because of the COVID-19 pandemic. A stay under these circumstances conserves precious judicial and case resources and avoids unnecessary expenditure of time and money on a cause of action that may ultimately be invalidated.

## Local Rule 3.01 (g)Certification

The undersigned counsel hereby certifies that he has conferred with Plaintiff's counsel with respect to the issues raised and the relief requested herein and has been informed that Plaintiff's counsel *opposes* the requested relief.

Respectfully submitted,

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
s/ Charles J. McHale
Charles J. McHale, Esq.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
Counsel for Defendant