IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No.: 8:19-cv-00363-SDM-JSS

**MONIFA GRANT**, individually and on
behalf of others similarly situated,

    Plaintiff,                                           **CLASS ACTION**

v.                                                    **JURY TRIAL DEMANDED**

**REGAL AUTOMOTIVE GROUP, INC.,**

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE PLAN

Plaintiff Monifa Grant, by and through undersigned counsel, and pursuant to Rule 23(c)(2)(B) and the Court's Order granting class certification, [D.E. 140], respectfully moves the Court for approval of her proposed Notice Plan and, in support, states as follows:

**I.**       **INTRODUCTION**

On May 27, 2020, this Court granted Plaintiff's Motion for Class Certification, and certified the following class:

> 5,997[1] persons within the United States who, on October 4, 2017, October 5, 2017, or both, were delivered the following prerecorded voicemail to their cellular telephone:
>
> Hi my name is Ken Halworth, General Manager with Regal Honda. I'm sorry I missed you and didn't get a chance to speak to you personally. I'm calling with some great news. Your approved for a loan up to $40,000 and an interest rate as low as 1.9%. Because of your preferred credit status, were going to give you a free smartwatch or a free three-day two-night cruise for two with five-star dining included aboard a

---

[1] The Court's Order inadvertently stated "5,9972".

> Carnival or Royal Caribbean cruise line absolutely free. Just for coming in this Friday or Saturday October 6th and 7th. Please feel free to call me back, my names Ken and make an appointment to see me. You can reach me at area code 863-588-4020. That number again is 863-588-4020. Thanks so much, I look forward to speaking to you, my names Ken and I look forward to seeing you on the showroom floor. Have a great day.

[D.E. 140] at pg. 13.

Since the entry of the Court's Certification Order, Plaintiff's counsel have consulted with Hilsoft Notifications, a business unit of Epiq Class Action & Claims Solutions, Inc. (herein "Epiq"), an experienced and reputable class action administrator to develop the best notice practicable under the circumstances, and to satisfy the requirements of Rule 23(c)(2)(B). *See* Hilsoft Notifications CV, attached as **Exhibit A.**

As outlined below, Plaintiff's proposed Notice Plan includes (1) address update and validation for the class members' addresses; (2) mailed short-form postcard notice to all Class Members; (3) e-mail lookup and e-mail notice to all Class Members for which email addresses are found; (4) the creation of a dedicated website that will house long form notice, important case documents, deadlines, answers to frequently asked questions, and additional contact information; and (5) a telephone line featuring an interactive voice response system to handle Class Members' inquiries.[2] Additionally, Class Counsel will bear the cost of notice.

Plaintiff respectfully submits that the proposed Notice Plan is the most effective and practicable means of providing notice to all Class Members and goes beyond the requirements

---

[2] Plaintiff notes that the written notices are modeled after those approved by Magistrate Judge Jonathan Goodman in the TCPA matter of *Estrellita Reyes v. BCA Financial Services, Inc.*, Case No. 16-24077 (S.D. Fla. 2016). *See id.* at [D.E. Nos. 180; 189].

of Rule 23. As such, Plaintiff requests the entry of an Order approving the proposed Notice Plan. Upon entry of the Order, Plaintiff will immediately direct Epiq to execute the Court-approved plan.

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 23(c)(2) requires that the notice to all class members shall be as 'best [as] practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Stewart v. Fla. Cmty. Law Grp.*, No. 6:18-cv-2111-Orl-CEM-DCI, 2019 U.S. Dist. LEXIS 153147, at *17 (M.D. Fla. Aug. 26, 2019) (quoting *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001)).

Rule 23 "accords considerable discretion to a district court in fashioning notice" and seeks "cooperative ingenuity on the part of counsel and the court in determining the most suitable notice in each case." *Tylka v. Gerber Prods. Co.*, 182 F.R.D. 573, 578 (N.D. Ill. 1998); *see also Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979). "The adequacy of class notice 'is measured by reasonableness.'" *Williams v. Bluestem Brands, Inc.,* No. 8:17-cv-1971-T-27AAS, 2019 U.S. Dist. LEXIS 56655, at *11 (M.D. Fla. Apr. 2, 2019) (quoting *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (citing Rule 23(e)).

Further, Rule 23(c)(2)(B) requires that notice must clearly and concisely state the following information:

    (i)    the nature of the action;

    (ii)    the definition of the class certified;

    (iii)    the class claims, issues, or defenses;

    (iv)    that a class member may enter an appearance through an attorney if the member so desires;

> (v)   that the court will exclude from the class any member who requests exclusion;
>
> (vi)   the time and manner for requesting exclusion; and
>
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

### III.     MEMORANDUM OF LAW

#### A. The Proposed Notice Plan Provides the Best Notice Practicable Under the Circumstances.

Plaintiff proposes a robust, multi-part Notice Plan to ensure that notice reaches as many Class Members as reasonably possible.

First, Plaintiff's proposed Notice Plan includes a mailed short-form postcard notice to all Class Members. Before postcards are mailed, Epiq will validate the addresses available using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS").[3]  In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code,[4] and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.[5]  After this data validation is complete, each class member shall be sent the postcard notice attached as **Exhibit B**.  In the

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. *See, e.g.,* USPS, NCOALink, available at https://postalpro.usps.com/mailing-and-shipping-services/NCOALink (last visited June 17, 2020).

[4] *See* USPS, CASS, available at https://postalpro.usps.com/certifications/cass (last visited June 17, 2020).

[5] Delivery Point Validation confirms the existence of a specific address and that that address can be delivered to.  *See*, Experian, Delivery Point Validation, available at https://www.edq.com/glossary/dpv-delivery-point-validation/ (last visited June 17, 2020).

event a postcard notice is returned as undeliverable, Epiq will re-mail to any new address available through USPS information—for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired—or to better addresses that may be found using a third-party "skip-tracing" lookup service. Finally, a Long Form Notice will be mailed via USPS first class mail to all persons who request one via the toll-free telephone number or through the website.

Second, and in conjunction with mailed notice, Plaintiff's proposed plan includes e-mail notice in the form depicted in **Exhibit C**. Although the class data does not contain e-mail addresses, Epiq will use a third-party look-up service to acquire any available e-mail addresses for each Class Member. While not required, Class Counsel believe this additional level of notice further strengthens the already robust plan proposed. For all Class Members for who Epiq is able to determine e-mail addresses, e-mail notice shall be sent to each of these Class Members. The e-mail notice will include an embedded link to the case website. By clicking the link, recipients will be able to easily access the Long Form Notice, and other information about the case.

Third, Plaintiff's plan includes a dedicated website, which will be created and maintained by Epiq. Class Members will be able to obtain detailed information about the case and review key documents, including the Complaint, the Long Form Notice, attached as **Exhibit D**, the Class Certification Order, other important court documents, and answers to frequently asked questions. The website address will be displayed prominently on all Notice documents.

Finally, Plaintiff's plan includes the establishment of an automated Interactive Voice

Response ("IVR") toll-free telephone number which Class Members can call for additional information, listen to answers to FAQs, and request that a Notice be mailed to them. The toll-free telephone number will be prominently displayed in the Notice documents as well. The automated phone system will be available 24 hours per day, 7 days per week.

Plaintiff's proposed Notice Plan is designed to reach as many Class Members as reasonably possible by means of e-mail and direct mailed notice sent to each Class Member. Plaintiff submits that this plan provides the best notice practicable and Plaintiff respectfully requests the Court approve this Notice Plan.

### B.   The Proposed Notices Comport with the Requirements of Rule 23.

"The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c). Ultimately, notice is "adequate if it may be understood by the average class member." Alba Conte & Herbert B. Newberg, 4 *Newberg On Class Actions*, §11:53, 167 (4th ed. 2002). Here, the email, postcard, and long form notices contain all necessary information, including (i) the nature of the action; (ii) the class claims, issues, or defenses; (iii) that a class member may enter an appearance through an attorney if the member so desires; (iv) that the court will exclude from the class any member who requests exclusion; (v) the time and manner for requesting exclusion; and (vi) the binding effect of a class judgment on members under Rule 23(c)(3). The proposed short-form postcard mailed notice is attached as **Exhibit B**, the proposed e-mail notice is attached as **Exhibit C**, and the proposed long form notice is attached as **Exhibit D.**

Further, the e-mail and postcard notices are concise and written in plain language.

Should a Class Member require additional information, the e-mail and postcard notices contain a toll-free telephone number and the website address. Similarly, the long form notice that will be included on the website uses concise and plain language and provides more detailed descriptions of the lawsuit and Class Members' rights and options. If Class Members have questions, they will be able to call a toll-free number provided on the website and notices or contact Class Counsel whose information is provided in the long form notice.

## IV.  CONCLUSION

**WHEREFORE**, Plaintiff Monifa Grant respectfully requests the entry of an order approving this Notice Plan, and providing 30 days from the date of approval for Plaintiff to certify that Notice has been sent, and setting a deadline of 60 days from the date Notice is sent for Class Members to request exclusion from the Class.

Dated:  June 17, 2020

Respectfully Submitted,

| **IJH Law** | **HIRALDO P.A.** |
|---|---|
| */s/ Ignacio J. Hiraldo*<br>Ignacio J. Hiraldo, Esq.<br>Florida Bar No. 0056031<br>1200 Brickell Ave Suite 1950<br>Miami, FL 33131<br>Email: ijhiraldo@ijhlaw.com<br>Telephone: 786.496.4469 | Manuel S. Hiraldo<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954-400-4713<br>**Trial Counsel** |
| **EDELSBERG LAW, PA**<br>Scott Edelsberg, Esq.<br>Florida Bar No. 0100537<br>scott@edelsberglaw.com<br>19495 Biscayne Blvd #607<br>Aventura, FL 33180<br>Telephone: 305-975-3320 | **EISENBAND LAW, P.A.**<br>Michael Eisenband<br>Florida Bar No. 94235<br>515 E. Las Olas Boulevard, Suite 120<br>Ft. Lauderdale, Florida 33301<br>MEisenband@Eisenbandlaw.com |

                    Telephone: 954.533.4092

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
(t) (305) 479-2299

**Counsel for Plaintiff and the Class**