UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIFA GRANT,

    Plaintiff,

v.                                                      CASE NO. 8:19-cv-363-SDM-JSS

REGAL AUTOMOTIVE
GROUP, INC.,

    Defendant.
_____/

## **ORDER**

      A summary judgment order adopts a report and recommendation and rejects for lack of foundation a "campaign results" document, prepared by Canadian non-party VoiceLogic, that purportedly identifies each person receiving a ringless voicemail about a sales event hosted by Regal Honda.  After summary judgment, Monifa Grant has endeavored (Doc. 198) to secure in Canada a deposition of VoiceLogic while Regal has endeavored (Doc. 190) to de-certify the class, the ascertainability of which relies primarily on the campaign results.

      After Grant applied in Canada to enforce the letter rogatory (Doc. 202), the Superior Court of Ontario permitted (Doc. 220-1) the deposition of VoiceLogic on the condition that Grant obtain in this action a protective order prohibiting the deposition's use against VoiceLogic and use in any other action.  Accordingly, Grant moved (Doc. 220) for a protective order.  After a July 20, 2021 hearing, the

magistrate judge entered a protective order (Doc. 235) containing the condition required by the Superior Court of Ontario. Also, because under Canadian law a non-party to the proceeding cannot attend the deposition absent consent of the examined party or leave of court, the protective order imposes a deadline (later extended) by which Regal must move to participate in VoiceLogic's deposition or risk waiving both the opportunity to cross-examine VoiceLogic and a challenge to the admissibility of VoiceLogic's testimony.

Objecting (Doc. 241) to the protective order, Regal argues that Grant has attempted to exclude Regal's participating in the Canadian proceeding and that Grant either knowingly or recklessly misled the magistrate judge about Grant's failure to include Regal in the Canadian proceeding, among other things. Conspicuously, Grant declines to respond to Regal's objection.

After a careful consideration of the record (distressingly redolent of gamesmanship by both parties), the unopposed objection (Doc. 241), construed[*] as a motion to modify the protective order (Doc. 235), is **GRANTED**, and the protective order (Doc. 235) is modified as follows.

1. Not later than **OCTOBER 1, 2021**, Grant may move in the Canadian proceeding either to include Regal as a party or to receive leave of the Superior Court of Ontario for Regal's deposing VoiceLogic. If Grant fails to move timely, Regal may renew the motion to de-certify the class and renew the motion to require the

---

[*] The objection raises issues and cites material not presented to the magistrate judge.

plaintiff to submit a plan to identify the standing of each class member, which motions an order will resolve without the benefit of VoiceLogic's testimony (if any).

2. If the Superior Court of Ontario denies the motion, Regal may move to intervene in that action not later than **TWENTY-EIGHT DAYS** after the denial. If an order denies intervention, Regal may renew the motion to de-certify the class and the motion to require the plaintiff to submit a plan to identify the standing of each class member.

3. Not later than **FORTY-EIGHT HOURS** (excluding weekends and federal holidays) after the parties file any motion in the Canadian proceeding or after the Superior Court of Ontario issues an order in that proceeding, the parties must file in this action a notice appending the motion or order.

4. Not later than **SEVEN DAYS** after a deposition of VoiceLogic that includes the participation of both Grant and Regal, the parties must propose in a notice a briefing schedule to resolve the anticipated renewal of Regal's motion to de-certify the class and motion to require the plaintiff to submit a plan to identify the standing of each class member.

5. The parties must file a status report every **TWENTY-EIGHT DAYS** after the day of this order.

The motions (Docs. 144, 148, 190, 204, 216, 219) are **DENIED WITHOUT PREJUDICE** to re-filing in accord with this schedule.  The clerk must **ADMINISTRATIVELY CLOSE** the case pending further order.

ORDERED in Tampa, Florida, on September 17, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE