UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:19-cv-00363-JSS

MONIFA GRANT,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

REGAL AUTOMOTIVE GROUP, INC
D/B/A REGAL HONDA,

       Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Monifa Grant, through her undersigned counsel, hereby requests leave to file (1) under seal, unredacted responses to Defendant's Motion to Decertify Class, [DE 258], and Defendant's Motion for Order Requiring Plaintiff to Submit a Detailed Notice Plan (collectively "Defendant's Motions"), [DE 259]; (2) under seal, the transcript of the deposition of Infolink Technologies Corp., d/b/a Voicelogic, and (3) not under seal, redacted responses to Defendant's Motions.

Federal Rule of Civil Procedure 5.2(d) provides that courts may order certain filings to be sealed. There is good cause to seal material that contains confidential, commercial, and/or proprietary information. *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310–14 (11th Cir. 2001); *Local Access, LLC v. Peerless Network, Inc.*, 2016 WL 374948 at *1 (M.D. Fla. Feb. 1, 2016) (granting motion to

seal documents containing confidential information about the parties' business plans, pricing information, and client contacts).  Here Good cause exists to allow Plaintiff to file unredacted responses to Defendant's Motion to Decertify Class and Defendant's Motion for Order Requiring Plaintiff to Submit a Detailed Notice Plan under seal along with the transcript from the deposition of Infolink Technologies Corp., d/b/a Voicelogic ("Voicelogic") because the testimony of Voicelogic has been marked confidential.

      Plaintiff intends to cite to and file a copy of the transcript ("Transcript") from the deposition of Voicelogic when Plaintiff's responds to Defendant's Motions. The Transcript was designated as confidential by Voicelogic at its deposition on January 26, 2022 when an Order from the Ontario Superior Court of Justice ("Canadian Court Order") was read into the Transcript designating Voicelogic's testimony as confidential. As the Transcript has been designated "Confidential" by Voicelogic pursuant to a Canadian Court Order and contains Voicelogic's confidential business practices and/or information good cause exists to file it under seal. While confidential, this information is necessary for Plaintiff to respond in full to Defendant's Motions. There is no other means available to Plaintiff to present this information to the Court and maintain its confidentiality and allowing public access to this information "would harm legitimate privacy interests". *United States ex rel. Bell v. Cross Garden Care Ctr., LLC*, No. 8:16-CV-961-T-27AEP, 2020 U.S. Dist. LEXIS 89110, 2020 WL 2573286, at *3 (M.D. Fla. May 21, 2020).

      In addition to filing Plaintiff's unredacted responses to Defendant's Motions

and the Voicelogic Transcript under seal, Plaintiff requests leave to file a redacted version of Plaintiff's responses to both of Defendant's Motions.

Lastly, Plaintiff respectfully requests that the proposed sealed filings be maintained under seal for a minimum of one-year after the resolution of any appeals in this matter, at which time the proposed sealed filing should be destroyed.

## MEMORANDUM OF LAW

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id.* at 599. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits and can be overcome only by a showing of "good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Here, good cause is shown because the information Plaintiff wishes to seal discusses and involves confidential business practices and/or personal information which the public has no need for. Voicelogic operates in a competitive industry and sealing the Transcript is necessary in order to protect their commercial information from duplication, unfair competition, or exploitation by competitors. It is also necessary to comply with Voicelogic's reading of the Canadian Court Order into

the record and the marking of its Transcript as confidential.

**WHEREFORE**, Plaintiff Monifa Grant respectfully requests an Order instructing the Clerk to file Plaintiff's unredacted responses to Defendant's Motion to Decertify Class and Defendant's Motion for Order Requiring Plaintiff to Submit a Detailed Notice Plan under seal along with the transcript of the deposition of Infolink Technologies Corp., d/b/a Voicelogic and that these filings remain under seal until one-year after the resolution of any appeals in this matter. Lastly, Plaintiff seeks permission allowing Plaintiff to file redacted versions of both Plaintiff's responses to Defendant's Motions.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for Plaintiff conferred with counsel for Defendant, and that Defendant does not oppose the relief requested herein.

Dated:  March 31, 2022

Respectfully Submitted,

IJH Law
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469
Counsel for Plaintiff and the Class

EDELSBERG LAW, PA
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
19495 Biscayne Blvd #607
Aventura, FL 33180
Telephone: 305-975-3320
Counsel for Plaintiff and the Class

SHAMIS & GENTILE, P.A.
Andrew J. Shamis
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915
Counsel for Plaintiff and the Class

HIRALDO P.A.
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954-400-4713
Counsel for Plaintiff and the Class
Trail Counsel

EISENBAND LAW, P.A.
*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
Counsel for Plaintiff and the Class