UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIFA GRANT,

    Plaintiff,

v.                                                    Case No: 8:19-cv-363-SDM-JSS

REGAL AUTOMOTIVE GROUP,
INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the court on Plaintiff's Unopposed Motion for Leave to File Under Seal ("Motion"). (Dkt. 260.) Upon consideration, the Motion is granted in part and denied part.

Plaintiff moves the court for leave to file under seal unredacted responses to Defendant's Motion to Certify Class and Motion for Order Requiring Plaintiff to Submit a Detailed Notice Plan as well as the transcript from the deposition of Infolink Technologies Corp., d/b/a Voicelogic ("Voicelogic"), which has been designated "Confidential" by Voicelogic pursuant to a Canadian Court Order. (Dkt. 260 at 2.) Defendant does not oppose the requested relief. (*Id.* at 4.)

Under Local Rule 1.11(c), a party seeking to file any paper or other matter under seal if not authorized by a statute, rule, or order must: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item

is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. No order sealing any item shall extend beyond ninety days after a case is closed and all appeals exhausted. M.D. Fla. Local R. 1.11(f).

Although a district court has "supervisory power over its own records and files," that power must be used responsibly to balance the public's right of access with interests favoring confidentiality. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1987). Discovery materials are presumptively confidential and "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). However, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "This right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, Plaintiff has met the requirements of Local Rule 1.11 and has shown good cause as to why the identified documents should be filed under seal. Specifically, the items to be sealed are described in Plaintiff's Motion (Dkt. 260), and Plaintiff has adequately explained why the documents must be filed under seal, as they contain information designated as confidential. *See Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-ORL-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-ORL-40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access."). As such, the court finds good cause to permit Plaintiff to file the identified documents under seal.

Plaintiff's request for the documents to remain under seal for one-year after the case is closed and all appeals are exhausted is denied. M.D. Fla. Local R. 1.09(f) ("No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted.").

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to File Under Seal (Dkt. 260) is **GRANTED** to the extent that Plaintiff is permitted to file, and the Clerk is directed to accept under seal, unredacted responses to Defendant's Motion to Certify Class and Motion for Order Requiring Plaintiff to Submit a Detailed Notice Plan as well as the transcript from the deposition of Voicelogic.

2. The documents shall remain under seal for 90 days after the case is closed and all appeals are exhausted is granted.

**DONE** and **ORDERED** in Tampa, Florida, on April 11, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record