UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **MONIFA GRANT,** on behalf of herself and all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**REGAL AUTOMOTIVE GROUP, INC. D/B/A REGAL HONDA**<br><br>**Defendant.** | Civil Case No.: 19-cv-363 |

## MOTION TO UNSEAL DEPOSITION TRANSCRIPT

Rashad Walston ("Movant") asks the Court in the above-captioned action (the "Action") to *sua sponte* unseal documents previously filed under a seal order which has expired.

1. This Action was a TCPA lawsuit alleging that Defendant, Regal Automotive, used a third-party, VoiceLogic, to send prerecorded ringless voicemails.

2. Movant has a similar claim against a different defendant (who also used VoiceLogic) currently pending in the Northern District of Illinois. *See Walston v. National Retail Solutions, Inc.*, 24-cv-83 (N.D. Ill.)

3. VoiceLogic was and is a Canadian company.

4. Plaintiff, Monifa Grant, obtained discovery, including a deposition of its CEO, from VoiceLogic at what appears to be great effort and expense.

5. On April 11, 2022, this Court allowed Plaintiff to file the aforementioned deposition under seal. [Dkt. 263.]

1

6. Contrary to Plaintiff's requests for the seal to last "one-year after the case is closed and all appeals are exhausted", however, the Court ordered the documents to "remain under seal for 90 days after the case is closed and all appeals are exhausted." *Id.*

7. On October 17, 2022 Judge Merryday dismissed the case for lack of standing and ordered it closed.

8. The thirty-day time period for noticing an appeal therefore expired on November 16, 2022, and the sealing order, by its terms, expired on February 14, 2023.

9. No party or interested non-party moved to extend this seal prior to its expiration, as required by Local Rule 1.11(e).

10. The deposition remains sealed. [Dkt. 262-1.]

11. "Strict adherence" to Local Rule 1.11(e) is necessary "because the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Regions Bank v. Kaplan*, 2018 U.S. Dist. LEXIS 46277, *2-3 (M.D. Fla. Mar. 21, 2018) (quoting *Romery v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); and *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).

12. Courts "may *sua sponte* unseal the records at issue irrespective of a motion to intervene." *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, 2013 U.S. Dist. LEXIS

135869, *5 (S.D.N.Y. Sept. 23, 2013) (citing *Gamble v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004).

13. When so doing, the Court need not first require a Movant to intervene. *See Eagle Star Ins. Co. Ltd.*, 2013 U.S. Dist. LEXIS at *4.

14. Accordingly, Movant asks that the Court *sua sponte* unseal the deposition without further Motion practice.

15. In the event the Court declines to unseal the deposition *sua sponte*, Movant respectfully requests leave to file an additional Motion seeking 1) leave to intervene under Fed. R. Civ. P. 24 and 2) to unseal the documents.

16. Such a Motion to Intervene would not be frivolous, as Fed. R. Civ. P. 24(b)(1) permits anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact, and courts have held that seeking to unseal documents related to an ongoing litigation satisfies this requirement. *See, e.g., Marshall v. Planz*, 347 F. Supp. 2d 1198, 1204-05 (M.D. Ala. 2004).

17. Such a Motion would also be timely. Movant's case was filed in January 2024, and he became aware of the deposition in approximately April 2024. Discovery is still ongoing in Movant's case. No prejudice results from Movant waiting until now, as the documents were meant to be unsealed over a year ago, and no requests were made for any extension of the seal.

Dated: September 4, 2024

s/ Jeremy M. Glapion
Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com

Counsel for Movant

### 3.01(g) CERTIFICATION

Movant conferred with counsel for Plaintiff in the Action, who sought the seal, on the relief sought in this Motion, and Plaintiff did not oppose. Movant further reached out to third-party VoiceLogic's counsel and CEO via email for their position, but they did not respond.

s/ Jeremy M. Glapion